UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Leo McClam,      #3147,<br><br>                              Plaintiff,<br><br>vs.<br><br>Dawn Wetstone; and<br>Dr. NFN Corales,<br><br>                              Defendants. | ) **C/A No. 3:07-3491-TLW-JRM**<br>)<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>)<br>) |

### *Background of this Case*

The plaintiff is a person committed to the South Carolina Department of Mental Health as a Sexually Violent Predator (SVP). The defendants are employees of the South Carolina Department of Mental Health. In the above-captioned case, the plaintiff has used the Section 1983 complaint form for use by state prisoners.

In the "STATEMENT OF CLAIM" portion of the Section 1983 complaint, the plaintiff alleges that the two defendants are conspiring to kill another patient:

> ① on [*sic*] or around 8-30-2007 Ms. Dawn Wetstone told Dr. N.F.N. Caroles [*sic*] to give pt. Alexander Bell some medication, and to place some insurance policy on him, so they could kill him, and get paid off aft [*sic*] death.
>
> ② Mr. Bell is still in the hospital around today [*sic*] makes close to 1 month.

(Complaint, at page 3).

In his prayer for relief, the plaintiff seeks a declaratory judgment and the death penalty. Specifically, the plaintiff writes:

1

> ① For a declaratory Judgement [*sic*] that what Both Defendants did, plotted, was wrong.
>
> ② For Both defendants to get the death penalty or whatever ruleing [*sic*] that the law has made for that reason.

(Complaint, at page 5).

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings and the Form AO 240 (motion to proceed *in forma pauperis*) pursuant to the procedural provisions of 28 U.S.C. § 1915. The review[1] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, *Moffitt v. Loe*, 446 U.S. 928 (1980); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978). The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, ___ U.S. ___, 75 U.S.L.W. 3643, 167 L.Ed.2d 1081, 127 S.Ct. 2197 (2007)(*per curiam*); *Hughes*

---

[1]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989)(insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

*v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The plaintiff does not have standing to raise constitutional claims with respect to any harms or injuries sustained by patient Alexander Bell. *See Laird v. Tatum*, 408 U.S. 1 (1972); *Valley Forge Christian College v. Americans United for Separation of Church & State*, 454 U.S. 464, 482 (1982); *Lake Carriers Ass'n v. MacMullan*, 406 U.S. 498, 506 (1972); *Flast v. Cohen*, 392 U.S. 83, 99 (1968) (a district court, when determining whether a plaintiff has standing to sue, must focus on the status of the party who has filed the complaint, and that the merits of the case are irrelevant); and *Frank Krasner Enterprises, Ltd. v. Montgomery County, Maryland*, 401 F.3d 230, 234-236 & nn. 6-9 (4th Cir. 2005) (collecting cases on standing). *Cf. Inmates v. Sheriff Owens*, 561 F.2d 560, 562-563 (4th Cir. 1977) (one inmate does not have standing to sue on behalf of another inmate); *Hummer v. Dalton*, 657 F.2d 621, 625-626 (4th Cir. 1981) (a prisoner cannot act as a "knight-errant" for others); and *Oxendine v. Williams*, 509 F.2d 1405, 1407 & n. * (4th Cir. 1975) (a *pro se* prisoner cannot be an advocate for others in a class action).

Although the United States Court of Appeals for the Fourth Circuit has held that persons committed under a sexual predator statute are not "prisoners" under the Prison Litigation Reform Act, *Michau v. Charleston County*, 434 F.3d 725 (4th Cir. 2006), it is well-settled that a *pro se*

3

litigant cannot represent other persons or entities in a civil rights action. *See Estate of Kerner v. United States*, 895 F.2d 1159, 1162 & n. 3 (7th Cir. 1990), where the Court noted: "'the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim on the legal rights or interests of third parties.'" For example, it is well settled that a *pro se* litigant may not represent a minor in a civil action. *See*, *e.g.*, *Tse-Ming Cheung v. Youth Orchestra Foundation of Buffalo*, 906 F.2d 59, 60-61 (2nd Cir. 1990); and *Knox ex rel. Chambers v. Hayward Unified School District*, 1995 U.S.Dist. LEXIS® 8379, 1995 WESTLAW® 364156 (N.D. Cal., June 1, 1995) (collecting cases). Similar case law applies to suits purportedly brought by individual *pro se* litigants on behalf of corporations, partnerships, unincorporated associations, or estates. *See*, *e.g.*, *First Hartford Corporation Pension Plan and Trust*, 194 F.3d 1279, 1290 (Fed. Cir. 1999) (*pro se* actions by non-attorneys on behalf of corporations "fail for lack of standing"); and *Pridgen v. Andresen*, 113 F.3d 391, 392-93 (2nd Cir. 1997) (*pro se* litigant may not represent corporation, estate, partnership, or "his or her minor child"), where the Court noted that such limits on *pro se* representation "serve the interests of the represented party as well as the interests of adversaries and the court." *See also Batac Development Corp. v. B&R Consultants, Inc.*, 2000 U.S.Dist. LEXIS® 3695, 2000 WESTLAW® 307400 (S.D.N.Y., March 23, 2000).

   Since the plaintiff lacks standing to raise claims relating to Alexander Bell, the plaintiff's request for a declaratory judgment on the defendants' actions with respect to Alexander Bell is actually a request for an advisory opinion. *FCC v. Pacifica Foundation*, 438 U.S. 726, 735 (1978) ("[F]ederal courts have never been empowered to issue advisory opinions."). *See also Herb v.*

*Pitcairn*, 324 U.S. 117, 126 (1945) ("We are not permitted to render an advisory opinion[.]");[3] *Neitzke v. Williams*, 490 U.S. at 322-330 (*held*: although district courts should not blur the distinction between the standards applicable to a Rule 12(b)(6) dismissal for failure to state a claim upon which relief can be granted and a dismissal under 28 U.S.C. § 1915 because a claim is frivolous, a patently insubstantial complaint, petition, or pleading may be dismissed); and *United States v. Burlington Northern Railroad Co.*, 200 F.3d 679, 699 (10th Cir. 1999) (refusing to respond to party's "request for guidance in future cases" because the request was "tantamount to a request for an advisory opinion").

In this civil rights action, the plaintiff cannot obtain criminal charges against the defendants that would result in the use of the death penalty.  *See Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) (a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person); *Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (*applying Linda R. S. v. Richard D.* and collecting cases); *Doyle v. Oklahoma State Bar Ass'n*, 998 F.2d 1559, 1566-67 (10th Cir. 1993); *Lane v. Correll*, 434 F.2d 598, 600 (5th Cir. 1970); *Nader v. Saxbe*, 162 U.S.App.D.C. 89, 497 F.2d 676, 679 nn. 18-19, 681 n. 27 (D.C. Cir. 1974) (n. 27: "Thus her [Linda R. S.'s] complaint in effect sought a judicial order compelling prosecution of a particular individual, a practice shunned by American courts."); and *United States v. Passman*, 465 F. Supp. 736, 741 & n. 13 (W.D. La. 1979) ("the defendant lacks standing to challenge the failure of the government to instigate criminal proceedings against another person.").   *See also Collins v. Palczewski*, 841 F. Supp. 333, 340 (D. Nev. 1993) ("Long ago the courts of these United States established that

---

[3] Other portions of the decision in *Herb v. Pitcairn* have been superannuated by later case law. *See Michigan v. Long*, 463 U.S. 1032 (1983).

5

'criminal statutes cannot be enforced by civil actions.'"). Moreover, this court cannot suspend or remove the defendants from their jobs at the South Carolina Department of Mental Health. *See Maxton v. Johnson*, 488 F. Supp. 1030, 1032 n. 2 (D.S.C. 1980) (a federal district court lacks inherent power to hire, remove, or reassign officials not within the executive control of that federal district court), *citing United States v. White County Bridge Commission*, 275 F.2d 529, 535 (7th Cir.), *cert. denied sub nomine*, *Clippinger v. United States*, 364 U.S. 818 (1960).

## *Recommendation*

Accordingly, it is recommended that the District Court summarily dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Haines v. Kerner*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); *Boyce v. Alizaduh*; *Todd v. Baskerville*, 712 F.2d at 74; and 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" 1915(d)]. *See also In Re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997) (pleadings by prisoners *and* non-prisoners should also be screened); and *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-364 (2nd Cir. 2000) ("District courts . . . are . . . capable of determining when an action is frivolous. Indeed, as courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources."). The plaintiff's attention is directed to the important Notice on the next page.

October 26, 2007                              s/Joseph R. McCrorey
Columbia, South Carolina                      United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, *Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).